UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1<br><br>**Plaintiff**<br><br>vs.<br><br>Melissa Leavitt-Pitt<br><br>**Defendant** | **COMPLAINT**<br><br>RE:<br>10 Little Avenue, Westbrook, ME 04092<br><br>Mortgage:<br>January 30, 2004<br>Book 20826, Page 78 |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Melissa Leavitt-Pitt as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, and the Defendant, Melissa Leavitt-Pitt, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory Note executed under seal currently owned and held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, in which the Defendant, Melissa Leavitt-Pitt, is the obligor and the total amount owed under the terms of the Note is Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars and zero cents ($75,000.00).

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 15480 Laguna Canyon Road, Irvine, California 92618

5. The Defendant Melissa Leavitt-Pitt is a resident of Westbrook, County of Cumberland and State of Maine.

## FACTS

6. On January 30, 2004, by virtue of a Warranty Deed from Kevin L. McCrillis and Michelle L. McCrillis, which is recorded in the Cumberland County Registry of Deeds in **Book 20826, Page 77**, the property situated at 10 Little Avenue, County of Cumberland, and State of Maine, was conveyed to the Defendant, Melissa Leavitt-Pitt, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On January 30, 2004, the Defendant, Melissa Leavitt-Pitt, executed and delivered to Wilmington Finance, a division of AIG Federal Savings Bank a certain Note in the amount of $166,300.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on January 30, 2004, the Defendant, Melissa Leavitt-Pitt, executed a Mortgage in favor of Wilmington Finance, a division of AIG Federal Savings Bank, securing the property located at 10 Little Avenue, Westbrook, ME 04092 which Mortgage is recorded in the Cumberland County Registry of Deeds in **Book 20826, Page 78**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to CitiFinancial Mortgage Company, Inc. by virtue of an Assignment of Mortgage dated May 15, 2004 and recorded in the Cumberland County Registry of Deeds in **Book 21363, Page 226**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then further assigned to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-14 by virtue of an Assignment of Mortgage dated December 7, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 30234, Page 11**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 by virtue of an Assignment of Mortgage dated July 22, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33353, Page 340**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On or about November 20, 2006, the Defendant, Melissa Leavitt-Pitt, executed a Loan Modification Agreement which increased the principal balance of the Note to $171,295.89. *See* Exhibit G (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

13. On or about January 28, 2014, the Defendant, Melissa Leavitt-Pitt, executed a second Loan Modification Agreement which decreased the principal balance of the Note to $171,122.96. *See* Exhibit H (a true and correct copy of the second Loan Modification Agreement is attached hereto and incorporated herein).

14. On November 9, 2016, the Defendant, Melissa Leavitt-Pitt, was sent a Notice of Mortgagor's Right to Cure, which was received on or about November 18, 2016 (herein after referred to as the "Demand Letter").  *See* Exhibit I (a true and correct copy of the Demand Letter and the delivery results are attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Melissa Leavitt-Pitt, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

16. The Defendant, Melissa Leavitt-Pitt, has failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the lawful holder and owner of the Note and Mortgage.

19. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), which includes unpaid Principal Balance in the amount of One Hundred Seventy Six Thousand, Two Hundred Ninety Four Dollars and Forty Three Cents ($176,294.43); Accrued Interest in the amount of Twenty Nine Thousand One Hundred Ten Dollars and Ninety Nine Cents ($29,110.99); Escrow Advance in the amount of Fourteen Thousand Fifty Four Dollars and Twenty Cents ($14,054.20); Suspense Balance in the amount of One Thousand Four Hundred Seventy Three Dollars and Ninety Two Cents (-$1,473.92); Total Fees in the amount of Thirty Two Dollars and Zero Cents ($32.00); Accumulated Late Charges in the amount of One Thousand Sixteen Dollars and Forty Eight Cents ($1,016.48); and Recoverable Balance in the amount of Five Hundred Forty Eight Dollars and Zero Cents ($548.00).

20. Upon information and belief, the Defendant, Melissa Leavitt-Pitt, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

21. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related Mortgage and title located at 10 Little Avenue, Westbrook, County of Cumberland, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, has the right to foreclosure upon the subject property.

24. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Melissa Leavitt-Pitt, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2014, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), which includes unpaid Principal Balance in the amount of One Hundred Seventy Six Thousand, Two Hundred Ninety Four Dollars and Forty Three Cents ($176,294.43); Accrued Interest in the amount of Twenty Nine Thousand One Hundred Ten Dollars and Ninety Nine Cents ($29,110.99); Escrow Advance in the amount of Fourteen Thousand Fifty Four Dollars and Twenty Cents ($14,054.20); Suspense Balance in the amount of One Thousand Four Hundred Seventy Three Dollars and Ninety Two Cents (-$1,473.92); Total Fees in the amount of Thirty Two Dollars and Zero Cents ($32.00); Accumulated Late Charges in the amount of One Thousand Sixteen Dollars and Forty Eight Cents ($1,016.48); and Recoverable Balance in the amount of Five Hundred Forty Eight Dollars and Zero Cents ($548.00).
27. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the Mortgaged premises at issue herein.
28. By virtue of the Defendant's breach of condition, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, hereby demands a foreclosure on said real estate.
29. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Melissa Leavitt-Pitt, on November 9, 2016, and was received on November 18, 2016 as evidenced by the delivery results.. *See* Exhibit I.
30. The Defendant, Melissa Leavitt-Pitt, is not in the Military. *See* Exhibit J (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On January 30, 2004, the Defendant, Melissa Leavitt-Pitt, executed and delivered to Wilmington Finance, a division of AIG Federal Savings Bank a certain Note in the amount of $166,300.00.  *See* Exhibit B.

33. The Defendant, Melissa Leavitt-Pitt, is in default for failure to properly tender the October 1, 2014 payment and all subsequent payments.  *See* Exhibit I.

34. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Melissa Leavitt-Pitt.

35. The Defendant, Melissa Leavitt-Pitt, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Melissa Leavitt-Pitt's breach is knowing, willful, and continuing.

37. The Defendant Melissa Leavitt-Pitt's breach has caused the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), which includes unpaid Principal Balance in the amount of One Hundred Seventy Six Thousand, Two Hundred Ninety Four Dollars and Forty Three Cents ($176,294.43); Accrued Interest in the amount of Twenty Nine Thousand One Hundred Ten Dollars and Ninety Nine Cents ($29,110.99); Escrow Advance in the amount of Fourteen Thousand Fifty Four Dollars and Twenty Cents ($14,054.20); Suspense Balance in the amount of One Thousand Four Hundred Seventy Three Dollars and Ninety Two Cents (-$1,473.92); Total Fees in the amount of Thirty Two Dollars and Zero Cents ($32.00); Accumulated Late Charges in the amount of One Thousand Sixteen Dollars and Forty Eight Cents ($1,016.48); and Recoverable Balance in the amount of Five Hundred Forty Eight Dollars and Zero Cents ($548.00).

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Melissa Leavitt-Pitt, entered into a written contract with Wilmington Finance, a division of AIG Federal Savings Bank who agreed to loan the amount of $166,300.00 to the Defendant, Melissa Leavitt-Pitt. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Melissa Leavitt-Pitt, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the proper holder of the Note and successor-in-interest to Wilmington Finance, a division of AIG Federal Savings Bank, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Melissa Leavitt-Pitt, has breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2014, payment and all subsequent payments. *See* Exhibit I.

45. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Melissa Leavitt-Pitt.

46. The Defendant, Melissa Leavitt-Pitt, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Melissa Leavitt-Pitt, is indebted to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, in the amount of Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, to the Defendant, Melissa Leavitt-Pitt.

48. Defendant Melissa Leavitt-Pitt's breach is knowing, willful, and continuing.

49. Defendant Melissa Leavitt-Pitt's breach has caused the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), which includes unpaid Principal Balance in the amount of One Hundred Seventy Six Thousand, Two Hundred Ninety Four Dollars and Forty Three Cents ($176,294.43); Accrued Interest in the amount of Twenty Nine Thousand One Hundred Ten Dollars and Ninety Nine Cents ($29,110.99); Escrow Advance in the amount of Fourteen Thousand Fifty Four Dollars and Twenty Cents ($14,054.20); Suspense Balance in the amount of One Thousand Four Hundred Seventy Three Dollars and Ninety Two Cents (-$1,473.92); Total Fees in the amount of Thirty Two Dollars and Zero Cents ($32.00); Accumulated Late Charges in the amount of One Thousand Sixteen Dollars and Forty Eight Cents ($1,016.48); and Recoverable Balance in the amount of Five Hundred Forty Eight Dollars and Zero Cents ($548.00).

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Wilmington Finance, a division of AIG Federal Savings Bank, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, loaned the Defendant, Melissa Leavitt-Pitt, $166,300.00. *See* Exhibit B.

54. The Defendant, Melissa Leavitt-Pitt, is in default for failure to properly tender the October 1, 2014 payment and all subsequent payments. *See* Exhibit I.

55. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Melissa Leavitt-Pitt, has been unjustly enriched at the expense of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1.

56. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

57. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Wilmington Finance, a division of AIG Federal Savings Bank, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, loaned the Defendant, Melissa Leavitt-Pitt, $166,300.00. *See* Exhibit B.

59. The Defendant, Melissa Leavitt-Pitt, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

60. As a result, the Defendant, Melissa Leavitt-Pitt, has been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 as successor-in-interest to Wilmington Finance, a division of AIG Federal Savings Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, upon the expiration of the period of redemption;

c) Find that the Defendant, Melissa Leavitt-Pitt, is in breach of the Note by failing to make payment due as of October 1, 2014, and all subsequent payments;

d) Find that the Defendant, Melissa Leavitt-Pitt, is in breach of the Mortgage by failing to make payment due as of October 1, 2014, and all subsequent payments;

e) Find that the Defendant, Melissa Leavitt-Pitt, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Melissa Leavitt-Pitt, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2014 and all subsequent payments;

g) Find that Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, Melissa Leavitt-Pitt, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, to restitution;

j) Find that the Defendant, Melissa Leavitt-Pitt, is liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, for money had and received;

k) Find that the Defendant, Melissa Leavitt-Pitt, is liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, for quantum meruit;

l) Find that the Defendant, Melissa Leavitt-Pitt, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Melissa Leavitt-Pitt, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is entitled to restitution for this benefit from the Defendant, Melissa Leavitt-Pitt;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Melissa Leavitt-Pitt, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, in the amount of Two Hundred Nineteen Thousand Five Hundred Eighty Two Dollars and Eighteen Cents ($219,582.18), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a
Christiana Trust, as Trustee for Normandy
Mortgage Loan Trust, Series 2015-1,
By its attorneys,

Dated: January 31, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670